Dariush G. Adli (SBN 204959)
 adli@adlilaw.com
Drew H. Sherman (SBN 237045)
 drew.sherman@adlilaw.com
Joshua H. Eichenstein (SBN 299392)
 josh.eichenstein@adlilaw.com
ADLI LAW GROUP, P.C.
444 South Flower St., Suite 3100
Los Angeles, California 90071
Telephone:  (213) 623-6546
Facsimile:  (213) 623-6554

Attorneys for Plaintiff

(*Counsel for Defendants listed on signature page*)

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| METAL JEANS, INC.,<br><br>             *Plaintiff*<br><br>        v.<br><br>ANO VELI SAMUEL TURTIAINEN and METAL SPORT, INC.<br><br>             *Defendants* | *Honorable Rozella A. Oliver*<br>*Magistrate Judge*<br><br>Case No. 2:15-cv-08987-DDP-RAO<br><br>**STIPULATED PROTECTIVE ORDER** |

2362.201

ADLI LAW GROUP, P.C.
www.adlilaw.com
(213) 623-6546

## STIPULATION

1.    A. <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

### B. GOOD CAUSE STATEMENT

This action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.  Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the Parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is

ADLI LAW GROUP, P.C.
(213) 623-6546

1 justified in this matter. It is the intent of the Parties that information will not be

2 designated as confidential for tactical reasons and that nothing be so designated

3 without a good faith belief that it has been maintained in a confidential, non-public

4 manner, and there is good cause why it should not be part of the public record of this

5 case.

6      C. <u>ACKNOWLEDGMENT OF PROCEDURE FOR FILING UNDER SEAL</u>

7      The parties further acknowledge, as set forth in Section 12.3, below, that this

8 Stipulated Protective Order does not entitle them to file confidential information

9 under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed and

10 the standards that will be applied when a party seeks permission from the court to file

11 material under seal.

12      There is a strong presumption that the public has a right of access to judicial

13 proceedings and records in civil cases. In connection with non-dispositive motions,

14 good cause must be shown to support a filing under seal. <u>*See Kamakana v. City and*</u>

15 <u>*County of Honolulu*</u>, 447 F.3d 1172, 1176 (9th Cir. 2006), <u>*Phillips v. Gen. Motors*</u>

16 <u>*Corp*</u>., 307 F.3d 1206, 1210-11 (9th Cir. 2002), <u>*Makar-Welbon v. Sony Electrics, Inc*</u>.,

17 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require good

18 cause showing), and a specific showing of good cause or compelling reasons with

19 proper evidentiary support and legal justification, must be made with respect to

20 Protected Material that a party seeks to file under seal. The parties' mere designation

21 of Disclosure or Discovery Material as CONFIDENTIAL does not— without the

22 submission of competent evidence by declaration, establishing that the material

23 sought to be filed under seal qualifies as confidential, privileged, or otherwise

24 protectable—constitute good cause.

25      Further, if a party requests sealing related to a dispositive motion or trial, then

26 compelling reasons, not only good cause, for the sealing must be shown, and the relief

27 sought shall be narrowly tailored to serve the specific interest to be protected. <u>*See*</u>

28 <u>*Pintos v. Pacific Creditors Ass'n*</u>, 605 F.3d 665, 677-79 (9th Cir. 2010). For each item

2362.201

or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. Again, competent evidence supporting the application to file documents under seal must be provided by declaration.

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

2.      DEFINITIONS

2.1      Action: This federal lawsuit in the Central District of California, entitled *Metal Jeans, Inc. v. Ano Veli Samuel Turtianinen, et al*., Case No. 2:15-cv-08987-DDP-RAO

2.2      Challenging Party: A Party or Non-Party that challenges the designation of information or items under this Order.

2.3      "CONFIDENTIAL" Information or Items: Information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.5      Counsel: Outside Counsel of Record and House Counsel (as well as their support staff).

2.6      Designating Party: A Party or non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.7      Disclosure or Discovery Material: All items or information, regardless of the medium or manner in which they are generated, stored, or maintained

(including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.8     Expert: A person with specialized knowledge or experience in a matter pertinent to the litigation, who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.9 House Counsel: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10    Non-Party: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

2.11    Outside Counsel: Attorneys, who are not employees of a Party to this Action, but are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm that has appeared on behalf of that Party, including support staff.

2.12    Party: Any Party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel (and their support staffs).

2.13    Producing Party: A Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.14    Professional Vendors: Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15    Protected Material: Any Disclosure or Discovery Material that is designated with any confidentiality designation, such as "CONFIDENTIAL."  As defined herein, Protected Material includes all of the matter and materials identified in section 3 below (SCOPE).

2.16    Receiving Party: A Party that receives Disclosure or Discovery Material

from a Producing Party.

3.  SCOPE

The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also: (1) any information copied or extracted from Protected Material or information that is otherwise based in whole or in part on Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Outside Counsel or House Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Stipulated Protective Order does not govern the use of Protected Material at trial.

4.  DURATION

Once a case proceeds to trial, information that was designated as CONFIDENTIAL, or maintained pursuant to this protective order used or introduced as an exhibit at trial becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial. *See Kamakana*, 447 F.3d at 1180-81 (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record). Accordingly, the terms of this protective order do not extend beyond the commencement of the trial.

5.  DESIGNATING PROTECTED MATERIAL

5.1  Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications

ADLI LAW GROUP, P.C.
(213) 623-6546

for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), as applicable, to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins). Each CONFIDENTIAL legend shall be conspicuous on each document and thing on which it is placed. Whenever any Expert, Professional Vendor or other Non-Party or counsel prepares any document or thing that contains any Protected Material, the Expert, Professional Vendor or other Non-Party must affix the applicable CONFIDENTIAL legend to the document or thing upon the inclusion of any Protected Material in any such document

2362.201

or thing.

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed CONFIDENTIAL. After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the applicable CONFIDENTIAL legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in depositions that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony or for testimony given in deposition that the Designating Party identifies as protected testimony in writing to the Receiving Party, within 14 days of receiving the transcript. If a deposition witness is asked a question to which a response would likely disclose a Party's Protected Material, or if a witness would otherwise disclose a Party's Protected Material at a deposition, the attorney representing such party may contemporaneously designate that disclosure as "CONFIDENTIAL" as applicable, prior to its actual disclosure. Upon making such a designation, any person in attendance at the deposition, who is not authorized under the terms herein to receive such Protected Material, may be excluded from attending the deposition during the disclosure of such Protected Material.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the applicable

ADLI LAW GROUP, P.C.
(213) 623-6546

2362.201

CONFIDENTIAL legend. If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1 <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2 <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 *et seq*.

6.3 The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7. <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

7.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving

ADLI LAW GROUP, P.C.
(213) 623-6546

ADLI LAW GROUP, P.C.

(213) 623-6546

Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this Action;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any Protected Material unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise

2362.201

agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by the Parties if engaged in settlement discussions; and

(j) any insurer to whom disclosure is reasonably necessary, who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN ANOTHER LITIGATION

If a Party is served with a subpoena or a court order issued in another litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this Action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to

10

ADLI LAW GROUP, P.C.
(213) 623-6546

2362.201

disobey a lawful directive from another court.

9. <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by a Non-Party in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

ADLI LAW GROUP, P.C.
(213) 623-6546

(d) If a Party seeks or obtains any Disclosure or Discovery Material from a Non-Party, any Party may designate as Protected Material any such Disclosure or Discovery Material so long as the material otherwise meets the conditions for being designated as Protected Material set forth herein.

## 10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately: (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Party that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Party are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

## 12. MISCELLANEOUS

12.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

2362.201

12.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

12.3 <u>Filing Protected Material</u>. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

13. <u>FINAL DISPOSITION</u>

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. Each Expert, Professional Vendor, Consultant, and any other Non-Party who received any Protected Material must return all Protected Material to the attorney who procured the Acknowledgment and Agreement to Be Bound (Exhibit A) under which the Protected Material was provided to the Expert, Professional Vendor, Consultant, or other Non-Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that: (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed, (2) identifies each Expert, Professional Vendor, Consultant, or other Non-Party to whom the Receiving Party provided Protected Material, or who otherwise received Protected Material, and affirms that each such

13

ADLI LAW GROUP, P.C.
(213) 623-6546

person returned to the Receiving Party all such Protected Material and (3) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Outside Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

14.   <u>VIOLATION</u>

Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

2362.201

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Respectfully submitted,

ADLI LAW GROUP, P.C.

Dated: June 14, 2018                    By:   /s/ Dariush G. Adli
                                              Dariush G. Adli
                                              Drew H. Sherman
                                              Josh Eichenstein.
                                              *Attorneys for Plaintiff*


                                        LEASON ELLIS LLP

Dated: June 14, 2018                    By:   /s/ Yuval Marcus
                                              Yuval Marcus (pro hac vice)
                                              (marcus@leasonellis.com)
                                              Lori Cooper (pro hac vice)
                                              (cooper@leasonellis.com)
                                              LEASON ELLIS LLP
                                              One Barker Avenue, Fifth Floor
                                              White Plains, New York 10601
                                              Phone: (914) 288-0022
                                              Fax: (914) 288-0023

                                              Jared M. Katz (CA Bar No. 173388)
                                              (jkatz@mullenlaw.com)
                                              Mullen & Henzell L.L.P.
                                              112 E. Victoria Street
                                              Santa Barbara, CA 93101
                                              Telephone: (805) 966-1501
                                              Facsimile: (805) 966-9204
                                              *Attorneys for Defendants*

2362.201

<u>FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.</u>

DATED: __June 15, 2018_____

_Rozella A. Oliver_
_____
Honorable Rozella A. Oliver
United States Magistrate Judge

STIPULATED [PROPOSED] PROTECTIVE ORDER

ADLI LAW GROUP, P.C.
(213) 623-6546

2362.201

1  **Local Rule 5-4.3.4 Attestation:**

2  I hereby attest that all signatories listed on this filing, and on whose behalf it is

3  submitted, concur in this filing's content and have authorized the filing.

4

5  By: /s/ Dariush G. Adli

6  Dariush G. Adli

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2362.201

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full street address], declare under penalty of

perjury that I have read in its entirety and understand the Stipulated Protective Order

that was issued by the United States District Court for the Central District of

California on _____ [date] in the case of *Metal Jeans, Inc. v. Ano Veli Samuel

Turtianinen, et al*., Case No. 2:15-cv-08987-DDP-RAO.  I agree to comply with and to

be bound by all the terms of this Stipulated Protective Order and I understand and

acknowledge that failure to so comply could expose me to sanctions and punishment

in the nature of contempt.  I solemnly promise that I will not disclose in any manner

any information or item that is subject to this Stipulated Protective Order to any

person or entity except in strict compliance with the provisions of this Order.  Under

penalty of perjury, I represent that: (1) I am not a past or current employee, officer,

director, manager, managing agent, or member of a Party or of a Party's competitor,

(2) I am not related to any employee, officer, director, manager, managing agent, or

member of a Party or of a Party's competitor, (3) I do not anticipate becoming an

employee, officer, director, manager, managing agent, or member of a Party or of a

Party's competitor.

I further agree to submit to the jurisdiction of the United States District Court

for the Central District of California for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this action. I hereby appoint _____ [print or

type full name] of _____ [print or type full

address and telephone number] as my California agent for service of process in

connection with this action or any proceedings related to enforcement of this

Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____