JEFFER MANGELS BUTLER & MITCHELL LLP
STANLEY M. GIBSON (Bar No. 162329)
*sgibson@jmbm.com*
REX HWANG (Bar No. 221079)
*rhwang@jmbm.com*
LAUREN BABST (Bar No. 313156)
*lbabst@jmbm.com*
1900 Avenue of the Stars, 7th Floor
Los Angeles, California 90067-4308
Telephone:   (310) 203-8080
Facsimile:   (310) 203-0567

Attorneys for Plaintiff Metal Jeans, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| METAL JEANS, INC., a Nevada corporation,<br><br>            Plaintiff,<br><br>      v.<br><br><s>ANO VELI SAMUEL TURTIAINEN</s> <s>and</s> METAL SPORT, INC.,<br><br>            Defendants. | Case No. 2:15-cv-08987-DDP-RAOx<br><br>The Hon. Dean D. Pregerson<br><br>**METAL JEANS, INC.'S EX PARTE APPLICATION TO DEFER BRIEFING ON METAL SPORT, INC.'S MOTION FOR ATTORNEYS' FEES PENDING RESOLUTION OF THE NINTH CIRCUIT APPEAL; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[Declaration of Lauren Babst and [Proposed] Order Filed Concurrently] |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to Local Rule 7-19, Plaintiff Metal Jeans, Inc. ("Metal Jeans") will, and hereby does, respectfully submit this Ex Parte Application to defer briefing on Defendant Metal Sport, Inc.'s ("Metal Sport") Motion for Attorneys' Fees (the "Motion") pending resolution of Metal Jeans' appeal to the Ninth Circuit.

Good cause exists to defer briefing on the Motion (or deny the Motion without prejudice) given that the findings supporting the Motion are challenged on appeal to the Ninth Circuit. The Ninth Circuit could vacate the District Court's Order granting summary judgment in favor of Metal Sport, and if so, Metal Sport would no longer be the "prevailing party" in this action. As a result, it would no longer be entitled to seek attorneys' fees. In such circumstances, the Court is granted discretion to defer briefing on the Motion pending outcome of the appeal. This course of action avoids potential waste of judicial and party resources, given that the Appellate decision could render any Motion proceedings moot.

Ex parte relief is warranted here because there is insufficient time for this issue to be resolved through the use of a regularly scheduled motion. In particular, absent ex parte relief, Metal Jeans' counsel (who were retained after the termination of this lawsuit) will be forced to spend an enormous amount of time and resources preparing an opposition to a Motion that may be rendered moot (in whole or in part) by the pending appeal.

As described in the accompanying Declaration of Lauren Babst ("Babst Decl."), Metal Jeans' counsel met and conferred in good faith with Metal Sport's counsel on November 25 and 26, 2019 regarding this ex parte application. *See* Babst Decl. ¶¶ 3-7. Counsel for Metal Sport stated they would oppose this Application.

The contact information for counsel for Metal Sport is as follows:

Yuval Marcus (pro hac vice)

*marcus@leasonellis.com*
Lori Cooper (pro hac vice)
*cooper@leasonellis.com*
Leason Ellis LLP
One Barker Ave, 5th Floor
White Plains, NY 10601
(914) 288-0022
(914) 288-0023

Jared M. Katz (CA Bar No. 173388)
*jkatz@mullenlaw.com*
Mullen & Henzell L.L.P.
112 E. Victoria Street
Santa Barbara, CA 93101
(805) 966-1501
(805) 966-9204

This Application is based upon this Notice, the accompanying Memorandum of Points and Authorities, the concurrently filed Babst Decl., the concurrently filed Proposed Order, the pleadings and records on file in this action, and such oral argument as may be presented at any hearing on this Application.

DATED: December 2, 2019    JEFFER MANGELS BUTLER & MITCHELL LLP
Stanley M. Gibson
Rex Hwang
Lauren Babst


By: _*/s/ Lauren Babst*_
LAUREN BABST
Attorneys for Plaintiff Metal Jeans, Inc.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Metal Sport seeks a determination that this case is exceptional justifying an award of attorneys' fees. Metal Sport's Motion is based on the Court's findings of bad faith and unclean hands in its Order on the parties' cross-motions for summary judgment. However, Metal Jeans is appealing that Order to the Ninth Circuit. The outcome of the appeal affects whether Metal Sport is entitled to seek fees because the Ninth Circuit could potentially vacate the decision. If this occurs, Metal Sport would no longer be the "prevailing party" and would not be entitled to seek fees. The Ninth Circuit's findings could also affect the arguments raised in Metal Sport's Motion, including whether Metal Jeans' conduct "stands out" from other cases. In either event, the outcome of the appeal has the potential to render as moot any briefing and decision on Metal Sport's Motion at this time, which could mean significant waste of judicial and party resources if the issues are fully briefed and decided at this stage of the proceedings.

As such, the appeal should be decided before Metal Sport's Motion is briefed and argued. The best exercise of this Court's discretion is to defer briefing on the Motion until the issues on appeal are resolved. In the alternative, the Court should dismiss Metal Sport's Motion without prejudice such that, following the outcome of the Ninth Circuit appeal, Metal Sport may resubmit its Motion for consideration if the District Court's Order is affirmed.

Metal Jeans requests this relief *ex parte* in order to avoid incurring unnecessary fees in preparing the Opposition to Metal Sport's exceptional case Motion.

## II. ARGUMENT

### A. Good Cause Exists To Defer Briefing On Metal Sport's Motion Until Metal Jeans' Ninth Circuit Appeal Is Resolved

The Federal Rules of Civil Procedure give this Court substantial flexibility

when it comes to procedures for considering an award of attorneys' fees. Rule 54 does not require the Court to decide Metal Sport's entitlement to fees, either in general or as to a specific sum, at the present juncture. To the contrary, the rules permit the Court to defer consideration of all issues related to fees until Metal Jeans' appeal has concluded: "If an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing . . . a new period for filing after the appeal has been resolved." Fed. R. Civ. P. 54 advisory committee's note to 1993 amendment; *see also* Fed. R. Civ. P. 58 advisory committee note ("<u>Particularly if the claim for fees involves substantial issues or is likely to be affected by the appellate decision,</u> the district court may prefer to defer consideration of the claim for fees until after the appeal is resolved.") (emphasis added). A Delaware District Court recently deferred briefing and decision on a fee motion by denying a party's fee motion without prejudice ordering said motion to renew following issuance of the pending appeal. *See Wi-Lan Inc. v. Vizio, Inc.*, Case No. 1:15-cv-00788-LPS, U.S. District Court for the District of Delaware (Wilmington), Docket No. 462 (Order dated October 23, 2019, attached to Babst Decl., Exh. B). District Courts in the Ninth Circuit have also routinely deferred consideration of fee motions pending resolution of an appeal. *See, e.g.*, *Sam Francis Foundation v. Christies, Inc.*, No. CV118605MWFFFMX, 2012 WL 12887639, at *2 (C.D. Cal., Nov. 6, 2012) (Denying fee motion without prejudice and inviting party to renew its motion following resolution of the appeal, stating "[t]he Federal Rules allow the Court to defer ruling on such a motion where, as here, judicial economy and general principles of efficiency are better served by a decision following the conclusion of the underlying appeal."); *G.P.P., Inc. v. Guardian Protection Products, Inc.*, No. 1:15-CV-00321-SKO, 2018 WL 932087, at *2 (E.D. Cal., Feb. 16, 2018) (Staying and holding in abeyance the parties' respective fee motions and bills of costs pending resolution of appeal); *Schrupp v. Wells Fargo Bank, N.A.*, No. CV 2:16-636

EX PARTE APPLICATION TO DEFER BRIEFING ON MOTION
FOR ATTORNEYS' FEES PENDING OUTCOME OF APPEAL

1  WBS KJN, 2018 WL 3135965, at *1 (E.D. Cal., June 20, 2018) (Staying fee motion
2  pending resolution of the appeal); *FlowRider Surf, Ltd. v. Pacific Surf Designs, Inc.*,
3  No. 315CV01879BENBLM, 2018 WL 6830611, at *3 (S.D. Cal., Dec. 21, 2018)
4  (Dismissing without prejudice a fee motion and inviting party to renew its fee
5  motion after the appeal has concluded; stating "[d]ismissal allows the parties an
6  opportunity to argue the merits of the motion in light of the appellate disposition,
7  should [party] choose to renew its motion.").

8      Here, Metal Sport filed its motion for attorneys' fees pursuant to 15 U.S.C.
9  § 1117(a) and Federal Rule of Civil Procedure 54(d)(2) on November 25, 2019
10 (Dkt. 208), over three-and-a-half months after Metal Jeans filed its Notice of Appeal
11 of the District Court's Summary Judgment Order (Dkt. 193), which disposed of all
12 claims and terminated the case. *See* Dkt. 197 (Notice of Appeal filed August 6,
13 2019). Metal Sport's Motion is premised, *inter alia*, on the Court's ruling that
14 Metal Jeans and/or its principal acted in bad faith and with unclean hands. *See*
15 Motion at pp. 4-6,11-13, 17-18. Yet, Metal Jeans specifically challenges the same
16 ruling on appeal such that these issues are currently subject to the Ninth Circuit's *de*
17 *novo* review. *See* Dkt. 197; *Guatay Christian Fellowship v. Cnty. of San Diego*, 670
18 F.3d 957, 970 (9th Cir. 2011) (*de novo* standard of review applies to summary
19 judgment orders). Significantly, if the Ninth Circuit reverses the District Court's
20 Order, Metal Sport would no longer be a "prevailing party" and no longer be
21 entitled to seek recovery of its fees. In addition, the Ninth Circuit may reach
22 conclusions that affect the arguments raised in Metal Sport's Motion, including
23 whether Metal Jeans' conduct "stands out" from other cases.

24     As such, the appeal should be resolved before the Motion is briefed.
25 Deferring consideration of fees until after the appeal is the best course of action, as
26 it would spare the parties and the Court considerable effort in the event that the
27 Court's ruling on unclean hands is not affirmed by the Ninth Circuit. *See Wi-Lan*
28 *Inc. v. Vizio, Inc.*, Case No. 1:15-cv-00788-LPS, at Docket No. 462 (Babst Decl.,

Exh. B) (deferring briefing and decision on fee motion pending resolution of appeal); *see also Sam Francis Foundation, supra,* 2012 WL 12887639, at *2 (denying fee motion without prejudice); *G.P.P., Inc., supra,* 2018 WL 932087, at *2 (staying fee motion during appeal); *Schrupp, supra,* 2018 WL 3135965, at *1 (same); *FlowRider Surf, supra*, 2018 WL 6830611, at *3 (dismissing fee motion without prejudice).

### B. Ex Parte Relief is Warranted In These Circumstances To Avoid Metal Jeans Incurring Significant Fees Unnecessarily.

Ex parte relief is warranted here because if the Motion briefing is not deferred, Metal Jeans will have to begin work on its Opposition immediately, which will involve significant time and cost. Metal Sport's exceptional case Motion is based on the specific claims and conduct of the District Court proceedings, and because Metal Jeans' counsel was retained after termination of the District Court proceedings for work on the Ninth Circuit Appeal, said counsel will have to conduct an extensive review of the four-year litigation proceedings in the District Court. *See* Babst Decl. ¶ 6. Metal Jeans also anticipates delays as a result of the upcoming holidays, and because it must divert attention to the appellate proceedings as its Opening Brief is due December 16, 2019. *Id.* For these reasons, Metal Jeans would have to begin work immediately to review the record and prepare proper arguments in response to Metal Sport's motion. *Id.* Metal Jeans wishes to avoid incurring extensive attorneys' fees in preparing an Opposition to the Motion when the outcome of the appeal could render all Motion proceedings moot.

As such, efficiency dictates this Court should stay briefing on Metal Sport's Motion pending the outcome of Metal Jeans' appeal. If the Ninth Circuit affirms the District Court's Order, the Court can set a hearing on Metal Sport's Motion with briefing deadlines at that time. Alternatively, Metal Jeans requests the Court dismiss the Motion without prejudice, and if the Ninth Circuit affirms, Metal Sport can refile its Motion.

## III. CONCLUSION

Metal Jeans respectfully requests that the Court exercise its discretion to defer all briefing and decision as to Metal Sport's Motion until the issues currently being pressed on appeal are resolved. The outcome of the appeal could affect Metal Sport's "prevailing party" status and/or whether this case is exceptional justifying an award of fees under the Lanham Act. As such, it would be the best and most efficient course of action to hold off on conducting any further Motion proceedings at this juncture.

DATED: December 2, 2019

JEFFER MANGELS BUTLER & MITCHELL LLP
Stanley M. Gibson
Rex Hwang
Lauren Babst

By: */s/ Lauren Babst*
LAUREN BABST
Attorneys for Plaintiff Metal Jeans, Inc.